UNITED STATES DISTRICT COURT

Northern District of California

ROBERT MOORE,

          Plaintiff,

  v.

CONTRA COSTA COLLEGE DISTRICT,

          Defendant.

No. C 09-4781 MEJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND (DKT. #7)**

## I. INTRODUCTION

Before the Court is Defendant Contra Costa College District's ("Defendant") Motion to Dismiss, filed on January 5, 2010. (Dkt. #7.) Plaintiff Robert Moore ("Plaintiff") filed an Opposition[1] on February 1, 2010 (Dkt. #13), and Defendant filed a Reply on February 10, 2010 (Dkt. #14). On February 25, 2010, the Court held a hearing on the matter. Plaintiff failed to appear at the hearing. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court GRANTS Defendant's Motion to Dismiss WITH LEAVE TO AMEND.

## II. BACKGROUND

On October 7, 2009, Plaintiff filed an Employment Discrimination Complaint as a *pro se* litigant, bringing suit under Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5. (Compl., Dkt. #1.) Based on his Complaint, it appears that Plaintiff has been employed by Defendant since January 29, 1994 as a food services supervisor at select college campuses. (Compl. ¶ 6, Dkt. #1.) Plaintiff alleges that he was discriminated against based on his race or color and sex,

---

[1] Plaintiff titled his opposition a "Reply"; however, it is actually an opposition to Defendant's Motion. Under Civil Local Rule 7, the Court will refer to it as such for the sake of clarity.

and that he was subject to retaliation for reporting the conduct of his manager.  (Compl. ¶ 5.) Specifically, Plaintiff alleges that Defendant failed to promote him, denied him access to a planning meeting, denied him training, denied him the opportunity to work overtime, violated his privacy by spying on him, accused him of stealing without cause or reason, and denied him a full-time position from October 2003 until October 2007.  (Compl. ¶ 4, Dkt. #1.)  Plaintiff further alleges that he was not paid back benefits after becoming a full-time employee.  (Compl., Ex. C ¶ 3, Dkt. #1.)   Plaintiff states that he began engaging in protected activities under EEOC laws because of his manager's harassing, retaliatory and discriminatory conduct.  (Compl. ¶ 6, Dkt. #1.)

Plaintiff also attached three documents to his Complaint.  The first attachment is a letter written by Plaintiff to his manager, dated February 3, 2004, memorializing issues that Plaintiff alleges occurred between January 29, 2004 and February 2, 2004.[2]  (Compl., Ex. A., Dkt. #1.)  In the letter, Plaintiff describes: (1) a disagreement with his coworkers and manager regarding food preparation on January 29, 2005; (2) a disagreement with his manager regarding food preparation on January 30, 2005; and (3) a notation that he was spoken to unprofessionally by a coworker on February 2, 2005.  (Compl., Ex. A, Dkt. #1.)  Plaintiff states that he reported the conduct of his manager, (Compl. ¶ 5, Dkt. #1), and that his manager retaliated against him on February 3 and 4, 2005, by assigning him to an unfavorable job task.  (Compl. ¶ 6, Ex. B at 3, Dkt. #1.)

The second attachment is a handwritten document, apparently authored by Plaintiff, which documents further incidents he alleges took place between January 19, 2005 and February 15, 2005. (Compl., Ex. B, Dkt. #1.)  It is unclear whether Plaintiff submitted this document to his manager.

The third document is titled "Discrimination Complaint and Observations Within The Last 12 Months, Based On Information and Belief, by Robert Moore."  (Compl., Ex. C, Dkt. #1.)  The first page of the document has two columns, labeled "Black/Age/Sex Benefits Denied" and "Whites/Hispanics Benefits Given."  *Id.*  The second page also has two columns, labeled "Burdens Imposed on Black Employee[s]" and "Burden Not Imposed on Whites/Hispanic[s]."  The most

---

[2]The letter is dated February 3, 2004, but in his Complaint, Plaintiff states that the correct date is February 3, 2005.  (Compl. ¶ 6, Dkt. #1.)

2

1 recent date listed on the final document appears to be October 2007. *Id.*

2 Based on these allegations, Plaintiff states that he filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on August 23, 2008.[3] *Id.* at ¶8. It is unclear whether any of these three documents were submitted to the EEOC. The EEOC subsequently issued a Notice of Dismissal and right to sue letter on July 13, 2009. *Id.* at ¶9.

On January 5, 2010, Defendant filed the present motion to dismiss, asking the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot. 1:21-22, Dkt. #7.)

## III. DISCUSSION

In its motion, Defendant argues that Plaintiff's Complaint should be dismissed on several grounds. Defendant first argues that the Complaint fails to allege facts necessary to state a cause of action, arguing that Plaintiff's retaliation and discrimination claims are barred by the applicable statute of limitations. *Id.* at 2:2-4. Next, Defendant argues that dismissal is proper under Rule 8(a)(2) because Plaintiff's Complaint fails to show that he is entitled to relief. *Id.* at 2:8-9. Defendant's third argument is that Plaintiff does not allege any conduct falling under Title VII's purview. *Id.* at 2:4-5.

In response, Plaintiff argues that he alleges facts necessary to constitute a cause of action. (Pl's Opp'n 2:3-5, Dkt. #13.) Plaintiff further argues that his retaliation and discrimination claims are not barred because Title VII permits the use of "prior acts as back ground [sic] evidence in support of a timely filed claim." *Id.* at 2:6-7.

**A.   Legal Standard**

Pursuant to Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of

---

[3] Plaintiff states that his EEOC complaint is attached to his Employment Discrimination Complaint. (Compl. ¶ 6, Dkt. #1.) However, no EEOC Complaint was attached. Plaintiff did attach to his Reply an EEOC Intake Questionnaire, stamped received on July 17, 2008. (Pl's Reply, Ex. B, Dkt. #13.)

3

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

*Pro se* pleadings are also subject to Rule 8(a)(2). *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). However, pleadings of *pro se* litigants are held to even less rigid standards than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). While a *pro se* plaintiff's pleadings will be construed with great leeway, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950.

If the court dismisses a complaint pursuant to Rule 12(b)(6), it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend need not be given if a complaint, as amended, is subject to dismissal. *Id.*

4

### B.     Application to the Case at Bar

Defendant argues that Plaintiff's Complaint is barred because he failed to file it within the applicable 300-day statute of limitations period under Title VII. Specifically, because Plaintiff states that he filed his EEOC Complaint on August 23, 2008, Defendant argues that any actionable discrimination must have occurred within 300 days prior to that date.

Pursuant to 42 U.S.C. § 2000e-5, a person alleging employment discrimination or retaliation must file a claim with the EEOC within 300 days following the occurrence of the allegedly discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Incidents taking place prior to the beginning of the 300-day period are time-barred. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Normally, discrete acts falling within the statutory time period do not have the effect of making timely those acts that fall outside the statutory period. *Id.* at 112. However, time-barred activity may properly be considered as background evidence in determining whether there is a present ongoing violation. *Id.* (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

Here, the Court finds that Plaintiff's Complaint may state a cause of action which alleges discriminatory conduct within the 300-day statute of limitations. Although not a model of clarity, it appears that Plaintiff alleges that he has been denied overtime from October 2003 to the present, that he was denied the opportunity to work full-time until October 2007, and that either his manager attempted to demote him on May 8, 2008 or he discovered on May 8, 2008 that his manager had previously tried to demote him.[4] (Compl., Ex. C, Dkt. #1.) If any of these events occurred within 300 days from August 23, 2008, the Court finds that Plaintiff would have provided enough facts to state a claim to relief that is plausible on its face. However, based on Plaintiff's submissions, which often fail to provide exact dates, it is not possible for the Court to make this determination. Further, because Plaintiff did not provide his EEOC complaint, it is not clear whether any of the information

---

[4] In his third document, Plaintiff provides the following: "5/8/08 Finding out through search of my personnel file that manager attempted to demote me without going through proper procedures." (Compl., Ex. C, Dkt. #1.) It is unclear whether this refers to the date Plaintiff alleges the demotion attempt occurred or the date Plaintiff discovered it.

he provides was also provided to the EEOC.  Accordingly, the Court finds that dismissal with leave to amend is proper to allow Plaintiff the opportunity to cure these deficiencies.

Based on this analysis, the Court hereby GRANTS Defendant's Motion to Dismiss WITH LEAVE TO AMEND.  The Court encourages Plaintiff to amend his Complaint if he is able to allege facts indicating discriminatory or retaliatory conduct by Defendant during the timely filing period of October 29, 2007 to August 23, 2008.  When filing his amended complaint, Plaintiff must take care to state (in paragraph 4 of the employment discrimination form complaint) the allegedly discriminatory or retaliatory acts that fall within the timely filing period (October 29, 2007 through August 23, 2008), and to provide the factual support for those acts in paragraph 6.  The Court further encourages Plaintiff to attach his EEOC complaint and explain whether the documents attached to his Complaint in this case are part of the EEOC complaint.  Plaintiff is advised to consult the Pro Se Handbook, available at the Clerk's Office and on the Court's website at www.cand.uscourts.gov.

### IV.  CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant's Motion to Dismiss Plaintiff's Complaint WITH LEAVE TO AMEND.  Plaintiff may file an amended complaint in compliance with the above instructions within 30 days from the date of this Order.  Within 30 days from receipt of Plaintiff's amended complaint, Defendants shall file responsive pleadings.

**IT IS SO ORDERED.**

Dated: March 16, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROBERT MOORE,

        Plaintiff,

v.

CONTRA COSTA COLLEGE DISTRICT et al,

        Defendant.

Case Number: CV09-04781 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Moore
626 35th Avenue
Richmond, CA 94805

Dated: March 16, 2010

        Richard W. Wieking, Clerk
        By: Brenda Tolbert, Deputy Clerk