UNITED STATES DISTRICT COURT

Northern District of California

ROBERT MOORE,

              Plaintiff,

   v.

CONTRA COSTA COLLEGE DISTRICT,

             Defendant.
_____/

No. C 09-4781 MEJ

**ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. #18)**

## I. INTRODUCTION

Before the Court is Defendant Contra Costa College District's ("Defendant") Motion to Dismiss, filed on May 10, 2010. (Dkt. #18.) Plaintiff Robert Moore ("Plaintiff") filed an Opposition on August 12, 2010 (Dkt. #23), and Defendant filed a Reply on August 19, 2010 (Dkt. #24). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition with oral argument and hereby VACATES the September 9, 2010 hearing. After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court issues the following order.

## II. BACKGROUND

On October 7, 2009, Plaintiff filed an Employment Discrimination Complaint as a *pro se* litigant, bringing suit under Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5. (Compl., Dkt. #1.) Based on his Complaint, it appears that Plaintiff has been employed by Defendant since January 29, 1994 as a food services supervisor at select college campuses. (Compl. ¶ 6, Dkt. #1.) Plaintiff alleged that he was discriminated against based on his race or color and sex, and that he was subject to retaliation for reporting the conduct of his manager. (Compl. ¶ 5, Dkt.

#1.) Specifically, Plaintiff alleged that Defendant failed to promote him, denied him access to a planning meeting, denied him training, denied him the opportunity to work overtime, violated his privacy by spying on him, accused him of stealing without cause or reason, and denied him a full-time position from October 2003 until October 2007. (Compl. ¶ 4, Dkt. #1.) Plaintiff further alleged that he was not paid back benefits after becoming a full-time employee. (Compl., Ex. C ¶ 3, Dkt. #1.)

On January 5, 2010, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Mot., Dkt. #7.) Defendant argued that Plaintiff's Complaint was barred because he failed to file it within the applicable 300-day statute of limitations period under Title VII. Specifically, because Plaintiff stated that he filed his EEOC Complaint on August 23, 2008, Defendant argued that any actionable discrimination must have occurred within 300 days prior to that date. (Def.'s Mot. at 5:20-6:20, Dkt. #7.)

On March 16, 2010, the Court granted Defendant's motion with leave to amend as to certain claims, finding that Plaintiff's Complaint possibly stated a cause of action which alleges discriminatory conduct within the 300-day statute of limitations. (Order Granting Defendant's Motion to Dismiss with Leave to Amend ("Order") at 5:15-16, Dkt. #16.) The Court identified three charges that might fall within the 300-day period: (1) denial of overtime from October 2003 to the present; (2) denial of the opportunity to work full-time until October 2007; and (3) an attempt to demote Plaintiff. (Order at 7:16-20, Dkt. #16; Compl., Ex. C, Dkt. #1.) The Court found that if any of these events occurred within 300 days prior to August 23, 2008, Plaintiff would have provided enough facts to state a claim to relief that is plausible on its face. (Order at 5:20-22, Dkt. #16.)

However, based on Plaintiff's submissions, which often failed to provide exact dates, it was not possible for the Court to make this determination. (Order at 5:22-23, Dkt. #16.) Further, because Plaintiff did not provide his EEOC complaint, it was not clear whether any of the information was also provided to the EEOC. (Order at 5:23-6:1, Dkt. #16.) Accordingly, the Court found that dismissal with leave to amend was proper to allow Plaintiff the opportunity to cure these deficiencies. (Order at 6:1-6:2, Dkt. #16.) The Court instructed Plaintiff to amend his Complaint if

2

he was able to allege facts indicating discriminatory or retaliatory conduct by Defendant during the timely filing period of October 29, 2007 to August 23, 2008, and to state, with factual support, the allegedly discriminatory or retaliatory acts that fall within the timely filing period. (Order at 6:4-9, Dkt. #16.)

On April 12, 2010, Plaintiff filed his First Amended Complaint ("FAC"). (Dkt. #17.) In his FAC, Plaintiff identifies the EEOC complaint as a two-page document filed with the original complaint and entitled "Discrimination Complaint and Observations Within The Last 12 Months, Based On Information and Belief, by Robert Moore." (FAC, addendum to ¶6(a), lines 9-11, Dkt. #17.) He alleges he presented this complaint to the EEOC on August 23, 2008. (FAC ¶ 8, Dkt. #17.) However, although he attaches numerous documents to his amended complaint, none are alleged to have been presented to the EEOC with the exception of Exhibit C, which is the Discrimination Complaint referenced above. Previously, the Discrimination Complaint was not dated. (*See* same document, attached to original complaint, Dkt. #1.) In his FAC, Plaintiff has added the date of June 26, 2008 and has alleged it was prepared on that date, notwithstanding the fact that where dates are provided for conduct complained of, the latest date given is October 2007. (FAC, Ex. C.) Plaintiff reasserts discrimination and retaliation claims, and alleges the discrimination occurred on a date that is illegible. (FAC ¶7, Dkt. #17.)

On May 10, 2010, Defendant filed the present Motion to Dismiss. (Dkt. #18.) Plaintiff filed an Opposition on August 12, 2010, (Dkt. #23), and Defendant filed a Reply on August 19, 2010 (Dkt. #24).

**III. DISCUSSION**

In its motion, Defendant moves for an order dismissing Plaintiff's FAC pursuant to Rules 8(a)(2) and 12(b)(6), arguing that it fails to state facts sufficient to constitute a cause of action and make a showing that Plaintiff is entitled to relief. (Def.'s Mot. at 1:22-25, Dkt. #18.) For purposes of its motion, Defendant assumes that the date in paragraph 7 is either October 22, 2007 or October 22, 2009. (Def.'s Mot. at 3:12-13, Dkt. #18.) Defendant then argues that if it is the former, the complaint is time-barred; and if it is the latter, Plaintiff has failed to allege he exhausted his

1 administrative remedies by filing an EEOC complaint regarding any alleged wrongdoing that
2 occurred on October 22, 2009.  (Def.'s Mot. at 3:13-15, Dkt. #18.)

3 　　　　On August 12, 2010, Plaintiff filed his opposition.  (Dkt. #23.)  Plaintiff clarifies that the date
4 "should have been 2003 to present." (Pl.'s Opp'n at 4:28-5:1, Dkt. #23.)  Plaintiff states that he
5 "discovered the Classified Personnel Requisition on 5-9-2008, while viewing [his] personnel file,"
6 (Pl.'s Opp'n at 6:11-12, Dkt. #18), and argues that "it is sufficiently related and relevant to my case
7 because it shows that defendants [sic] by not filing [sic] in the blanks to relevant questions proves
8 that defendants [sic] were not honest about who did fill the position during the time I was requesting
9 a full time position."  (Pl.'s Opp'n at 6:17-20, Dkt. #18.)  Plaintiff also argues that a "Pay
10 Distribution form, dated 9-25-2003," which he states he discovered on May 9, 2008 while reviewing
11 his personnel file, "clearly demonstrates that [his] manager wanted to and tried to demote [him],"
12 thus creating a prima facie case of discrimination and retaliation.  (Pl.'s Opp'n at 6:25-7:5, Dkt.
13 #18.)  Plaintiff argues that his manager "has been giving overtime to whites and [M]exican workers
14 every since [sic], 10/2003 to the present, and this practice continues today.  I am a black person who
15 is no[t] receiving equal over [sic] or training and the manager is still antisocial with me."  (Pl.'s
16 Opp'n at 7:10-13, Dkt. #18.)

17 　　　　In its Reply, Defendant maintains that, even with the corrected date, Plaintiff's claims are
18 time-barred.

19 **A.    Legal Standard**

20 　　　　Pursuant to Rule 12(b)(6), a defendant may seek dismissal of a complaint for failure to state
21 a claim upon which relief can be granted.  Rule 8, which provides the standard for judging whether
22 such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of
23 the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, to survive a
24 motion to dismiss, a complaint need not provide detailed factual allegations.  *Bell Atlantic v.*
25 *Twombly*, 550 U.S. 544, 555-56 (2007).  However, a plaintiff must allege "enough facts to state a
26 claim to relief that is plausible on its face," not just conceivable.  *Id.* at 570.  "A claim has facial
27 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
28

4

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

*Pro se* pleadings are also subject to Rule 8(a)(2). *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). However, pleadings of *pro se* litigants are held to even less rigid standards than those drafted by attorneys. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). While a *pro se* plaintiff's pleadings will be construed with great leeway, "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil*, 66 F.3d at 199. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 129 S.Ct. at 1950.

If the court dismisses a complaint pursuant to Rule 12(b)(6), it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend need not be given if a complaint, as amended, is subject to dismissal. *Id.*

**B.    Application to the Case at Bar**

As in its previous motion, Defendant argues that Plaintiff's Complaint is barred because he failed to file it within the applicable 300-day statute of limitations period under Title VII.

Pursuant to 42 U.S.C. § 2000e-5, a person alleging employment discrimination or retaliation must file a claim with the EEOC within 300 days following the occurrence of the allegedly

discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Incidents taking place prior to the beginning of the 300-day period are time-barred. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Normally, discrete acts falling within the statutory time period do not have the effect of making timely those acts that fall outside the statutory period. *Id.* at 112. However, time-barred activity may properly be considered as background evidence in determining whether there is a present ongoing violation. *Id.* (citing *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977)).

### 1. Plaintiff's Claim for Denial of Overtime

Defendant argues that Plaintiff's claim for overtime is not cognizable because he received overtime, just not as much as he wanted, and such a claim is not actionable under Title VII. (Def.'s Mot. at 6:7-20, Dkt. #18.) The Court disagrees. Plaintiff may establish a prima facie case of discrimination by showing that he is a member of a protected class; that he was qualified; that he was subjected to an adverse employment decision; and that the circumstances of the decision raise an inference of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993). As Plaintiff has alleged that he was denied overtime based on his race and/or sex, the Court finds that he has met his burden at the pleading stage. Defendant argues that Plaintiff received overtime at least once, thus negating his claim. (Def.'s Reply at 4:5-28, Dkt. #24.) However, Defendant provides no authority which supports this argument. Defendant also argues that the failure to provide overtime is not the type of tangible employment action required under Title VII, (Def.'s Mot. at 6:8-15), yet Defendant fails to provide any authority establishing that the failure to provide overtime based on a discriminatory purpose is not a proper cause of action under Title VII. Accordingly, the Court hereby DENIES Defendant's motion as to this claim.

### 2. Plaintiff's Claim for Denial of Opportunity to Work Full-Time

Next, Defendant argues that Plaintiff's claim based on denial of the opportunity to work full-time must be dismissed because the documents he provides show that it is barred by the statute of limitations. (Def.'s Mot. at 5:2-19.) The Court agrees. Exhibit L to Plaintiff's FAC is an internal email dated September 6, 2007. The email states that Plaintiff advised the author he had been

6

promised a full-time position. (FAC, Ex. L, Dkt. #17.) Therefore, close to two months before the earliest day of the timely filing period, Defendant already had determined to move Plaintiff into a full-time position and had so advised him. Plaintiff's Exhibit N, a Classified Personnel Requisition, formalized the change from 20 hours to 40 hours per week. Exhibit N shows Plaintiff's supervisor, George Delfabro (the same supervisor who allegedly retaliated against him), recommended the offer of full-time work and formally approved it on October 2, 2007 – again outside the timely filing period. (FAC, Ex. N, Dkt. #17.)

The Court notes that Plaintiff's own allegation also confirms that the full-time position claim is time barred - he alleges he "was denied a full time position from 9-25, 2003 to 10-22, 2007…." (FAC at 4(b):26-27.) Plaintiff further admits he "had been working 20 hours until October 22, 2007, when I received full timeposition [sic]." (FAC, addendum to paragraph 6(a), lines 25-26.) Since October 29, 2007 is the cut-off date for timely claims, it is clear Defendant is entitled to dismissal of the charge that it unlawfully denied Plaintiff a full-time position.[1] Accordingly, the Court hereby GRANTS Defendant's motion as to this claim. And, because Plaintiff could not cure his pleading by the allegation of other facts, dismissal shall be without leave to amend.

3.   Plaintiff's Claim for Attempted Demotion

Defendant next argues that Plaintiff's claim for attempted demotion is time barred because no demotion ever occurred. (Def.'s Reply. at 3:12-14, Dkt. #24.) In fact, the Court notes that the Classified Requisition, attached as Exhibit N to the FAC, confirms that he was not demoted. Specifically, the Requisition, signed on October 2, 2007, shows that Plaintiff's manager recommended him for a full-time position, and reflects that his title at that time was Food Services Supervisor, not Food Services Assistant. (FAC, Ex. N, Dkt. #17.) Even if Plaintiff had been demoted, the belated discovery of the Pay Distribution form on May 9, 2008, would not suspend the statute of limitations. As Defendant points out in its reply brief, it is difficult to imagine how any plaintiff could allege an inability to discover that he or she had been demoted. Accordingly, the

---

[1] Since the alleged failure to give him a full-time position is barred, any claim for back pay, which is grounded on that alleged failure, is also barred.

Court hereby GRANTS Defendant's motion as to this claim. And, because Plaintiff could not cure his pleading by the allegation of other facts, dismissal shall be without leave to amend.

    4. <u>Retaliation</u>

Plaintiff also appears to allege a cause of action for retaliation. (FAC ¶5, Dkt. #17.) To state a prima facie case of retaliation, a plaintiff must allege that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) a causal link existed between the

protected activity and the adverse employment action. *Nilsson v. City of Mesa*, 503 F.3d 947, 953-54 (9th Cir. 2007). Plaintiff alleges he was retaliated against for complaining about his supervisor, but he does not allege when he complained, to whom he complained, who knew of the complaints, who retaliated against him, what the retaliatory acts are alleged to be, or any other facts that would allow the Court to determine whether this claim is time-barred or whether a prima facie case is stated. Accordingly, the Court hereby GRANTS Defendant's motion as to this claim. However, because Plaintiff could cure his pleading by the allegation of other facts, dismissal shall be with leave to amend. Plaintiff must plead factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Thus, any amended complaint must include when he complained, to whom he complained, who knew of the complaints, who retaliated against him, and what the retaliatory acts are alleged to be.

    5. <u>Generalized Complaints</u>

In addition to the claims discussed above, Plaintiff alleges that he was not allowed to attend planning meetings. (FAC ¶4.) However, the EEOC Complaint makes no mention of his exclusion from planning meetings. Since no administrative charge appears to have been filed with regard to that act, Plaintiff failed to exhaust his administrative remedies as to that claim. *See, e.g., Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004).

Plaintiff also claims he was denied equal training. (FAC at 4(a):18-19.) However, the documents he attaches show he was scheduled to be included in the training from which he contends he was excluded – to open and close the main cafeteria and audit the cash drawers. (FAC, Ex. J,

8

Dkt. #17.) This training was not denied to him; rather, Plaintiff himself declined to attend. (FAC, Ex. I, Dkt. #17.)

Plaintiff complains he was falsely accused of theft, but the exhibit he appends, Exhibit K, shows that the theft issue concerned the possible sale of coffee intended for the teacher's lounge in 2006. (FAC, Ex. K, Dkt. #17.) Thus, even if such a claim were cognizable under Title VII, it is time-barred.

Finally, Plaintiff claims his privacy was violated when his supervisor allegedly spied on him on May 23, 2008 and October 23, 2008. (FAC at 4(b):16-23, Dkt. #17.) The basis for this claim is that Plaintiff's supervisor was observed looking into the teacher's lounge. (FAC, Ex. O, Dkt. #17.) The person who observed this concluded the supervisor was looking at Plaintiff and that the supervisor thought Plaintiff had done something wrong. He then equated this with the Apartheid racist system that existed in the South when he was growing up. (FAC, Ex. P, Dkt. #17.) However, even assuming these allegations are true, no cause of action exists. Looking at an employee does not constitute discrimination or retaliation under Title VII, no matter what motives someone may perceive in the look.

### IV.   CONCLUSION

Based on the foregoing, the Court hereby ORDERS as follows:

1) Defendant's motion with respect to Plaintiff's discrimination claim based on failure to provide overtime is DENIED . Plaintiff may include said claim in his second amended complaint, in compliance with Federal Rule of Civil Procedure 8.

2) Defendant's motion as to his demotion and retaliation claims is GRANTED WITH LEAVE TO AMEND. Plaintiff may file a second amended complaint, in compliance with Federal Rule of Civil Procedure 8 and the Court's instructions above, as to his demotion and retaliatory claims.

3) Defendant's motion is as to all other claims GRANTED WITHOUT LEAVE TO AMEND.

///

///

///

///

If Plaintiff chooses to file a second amended complaint, he must do so within thirty (30) days from the date of this Order, and in compliance with Federal Rule of Civil Procedure 8. Failure to file a second amended complaint within thirty (30) days from the date of this Order will result in the dismissal of Plaintiff's case.

**IT IS SO ORDERED.**

Dated: August 23, 2010

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ROBERT MOORE,

        Plaintiff,

v.

CONTRA COSTA COLLEGE DISTRICT et al,

        Defendant.

Case Number: CV09-04781 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 23, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Moore
626 35th Avenue
Richmond, CA 94805

Dated: August 23, 2010

Richard W. Wieking, Clerk
By: Brenda Tolbert, Deputy Clerk

11