UNITED STATES  DISTRICT COURT

Northern District of California

ROBERT MOORE,

                    Plaintiff,

      v.

CONTRA COSTA COLLEGE DISTRICT,

                  Defendant.

_____/

No. C 09-4781 MEJ

**ORDER RE: DEFENDANT'S
MOTION TO DISMISS (DKT. #31)**

### I.  INTRODUCTION

Before the Court is Defendant Contra Costa College District's ("Defendant") Motion to Dismiss Plaintiff Robert Moore's ("Plaintiff") Second Amended Complaint, filed on November 4, 2010.  (Dkt. #31.)  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and hereby VACATES the January 27, 2011 hearing.  After consideration of the parties' papers, relevant legal authority, and good cause appearing, the Court issues the following order.

### II.  BACKGROUND

On October 7, 2009, Plaintiff filed an Employment Discrimination Complaint as a *pro se* litigant, bringing suit under Title VII of the Civil Rights Act of 1964, specifically 42 U.S.C. § 2000e-5.  (Compl., Dkt. #1.)  In his initial complaint, Plaintiff stated that he has been employed by Defendant since January 29, 1994, as a food services supervisor at select college campuses.  (Compl. ¶ 6, Dkt. #1.)  Plaintiff alleged that he was discriminated against based on his race or color and sex, and that he was subject to retaliation for reporting the conduct of his manager.  (Compl. ¶ 5, Dkt. #1.)  Specifically, Plaintiff alleged that Defendant failed to promote him, denied him access to a

1   planning meeting, denied him training, denied him the opportunity to work overtime, violated his

2   privacy by spying on him, accused him of stealing without cause or reason, and denied him a full-

3   time position from October 2003 until October 2007.  (Compl. ¶ 4, Dkt. #1.)  Plaintiff further alleged

4   that he was not paid back benefits after becoming a full-time employee.  (Compl., Ex. C ¶ 3, Dkt.

5   #1.)

6          On January 5, 2010, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to

7   Federal Rule of Civil Procedure ("Rule") 12(b)(6).  (Def.'s Mot., Dkt. #7.)  Defendant argued that

8   Plaintiff's Complaint was barred because he failed to file it within the applicable 300-day statute of

9   limitations period under Title VII.  Specifically, because Plaintiff stated that he filed his EEOC

10  Complaint on August 23, 2008, Defendant argued that any actionable discrimination must have

11  occurred within 300 days prior to that date.  (Def.'s Mot. at 5:20-6:20, Dkt. #7.)

12         On March 16, 2010, the Court granted Defendant's motion and concurrently granted Plaintiff

13  leave to amend as to certain claims, finding that Plaintiff's Complaint possibly stated a cause of

14  action which alleged discriminatory conduct within the 300-day statute of limitations.  (Order

15  Granting Defendant's Motion to Dismiss with Leave to Amend ("Order") at 5:15-16, Dkt. #16.)  The

16  Court identified three charges that might fall within the 300-day period: (1) denial of overtime from

17  October 2003 to the present; (2) denial of the opportunity to work full-time until October 2007; and

18  (3) an attempt to demote Plaintiff.  (Order at 7:16-20, Dkt. #16; Compl., Ex. C, Dkt. #1.)  The Court

19  found that if any of these events occurred within 300 days prior to August 23, 2008, Plaintiff would

20  have provided enough facts to state a claim to relief.  (Order at 5:20-22, Dkt. #16.)

21         However, based on Plaintiff's submissions, which in many instances failed to provide exact

22  dates, it was not possible for the Court to make this determination.  (Order at 5:22-23, Dkt. #16.)

23  Further, because Plaintiff did not provide his EEOC complaint, it was not clear whether any of the

24  information was also provided to the EEOC.  (Order at 5:23-6:1, Dkt. #16.)  Accordingly, the Court

25  found that dismissal with leave to amend was proper to allow Plaintiff the opportunity to cure these

26  deficiencies.  (Order at 6:1-6:2, Dkt. #16.)  The Court instructed Plaintiff to amend his Complaint if

27  he was able to allege facts indicating discriminatory or retaliatory conduct by Defendant during the

28

UNITED STATES DISTRICT COURT
For the Northern District of California

2

1  timely filing period of October 29, 2007 to August 23, 2008, and to state, with factual support, the

2  allegedly discriminatory or retaliatory acts that fall within the timely filing period.  (Order at 6:4-9,

3  Dkt. #16.)

4         On April 12, 2010, Plaintiff filed his First Amended Complaint ("FAC").  (Dkt. #17.)  In his

5  FAC, Plaintiff identified the EEOC complaint as a two-page document filed with the original

6  complaint and entitled "Discrimination Complaint and Observations Within The Last 12 Months,

7  Based On Information and Belief, by Robert Moore."  (FAC, addendum to ¶6(a), lines 9-11, Dkt.

8  #17.)  He alleged he presented this complaint to the EEOC on August 23, 2008.  (FAC ¶ 8, Dkt.

9  #17.)  However, although he attached numerous documents to his amended complaint, none were

10  alleged to have been presented to the EEOC, with the exception of Exhibit C, which is the

11  Discrimination Complaint referenced above.  Previously, the Discrimination Complaint was not

12  dated.  (Attached to original complaint, Dkt. #1.)  In his FAC, however, Plaintiff added the date of

13  June 26, 2008 and alleged that it was prepared on that date, notwithstanding the fact that where dates

14  are provided for conduct complained of, the latest date given is October 2007.  (FAC, Ex. C, Dkt.

15  #17.)  Plaintiff reasserted discrimination and retaliation claims, and alleged the discrimination

16  occurred on a date that is illegible.  (FAC ¶7, Dkt. #17.)

17         On May 10, 2010, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint

18  ("second motion").  (Dkt. #18.)  In its second motion, Defendant argued that the FAC failed to state

19  facts sufficient to constitute a cause of action and to show that Plaintiff was entitled to relief.  (Def.'s

20  Mot. at 1:22-25, Dkt. #18.)  For purposes of its second motion, Defendant assumed that the date in

21  paragraph 7 was either October 22, 2007 or October 22, 2009.  (Def.'s Mot. at 3:12-13, Dkt. #18.)

22  Defendant then argued that if it was the former, the complaint was time-barred; and if it was the

23  latter, Plaintiff failed to allege he exhausted his administrative remedies by filing an EEOC

24  complaint regarding any alleged wrongdoing that occurred on October 22, 2009.  (Def.'s Mot. at

25  3:13-15, Dkt. #18.)

26         On August 26, 2010, the Court granted Defendant's second motion with leave to amend as to

27  Plaintiff's overtime and retaliation claims, and granted Defendant's second motion without leave to

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

3

1    amend as to all other claims.  (Second Order, Dkt. #27.)  As to his overtime claim, the Court found

2    that Plaintiff alleged that he was denied overtime based on his race and/or sex, thus meeting his

3    burden at the pleading stage.  (Second Order, 6:9-22, Dkt. #27.)  As to his retaliation claim, the

4    Court found that Plaintiff alleged he was retaliated against for complaining about his supervisor, but

5    did not allege when he complained, to whom he complained, who knew of the complaints, who

6    retaliated against him, what the retaliatory acts are alleged to be, or any other facts that would allow

7    the Court to determine whether Plaintiff established a *prima facie* case.  (Second Order, 8:9-13, Dkt.

8    #27.)  The Court granted leave to amend, instructing Plaintiff that any second amended complaint

9    must include when he complained, to whom he complained, who knew of the complaints, who

10   retaliated against him, and what the retaliatory acts are alleged to be.  (Second Order, 8:13-18, Dkt.

11   #27.)

12        The Court dismissed Plaintiff's other claims without leave to amend.  As to his claim that

13   Defendant denied him the opportunity to work full time, the Court found that it was barred by the

14   statute of limitations.  (Second Order, 6:24-7:15, Dkt. #27.)  As to Plaintiff's demotion claim, the

15   Court found no evidence that he had been demoted and, even if he had, any such claim would be

16   barred by the statute of limitations.  (Second Order, 7:17-8:2, Dkt. #27.)  In addition to these claims,

17   Plaintiff alleged that he was not allowed to attend planning meetings, that he was denied equal

18   training, falsely accused of theft, and that his privacy was violated when his supervisor allegedly

19   spied on him.  The Court found that these generalized complaints were either not actionable under

20   Title VII or were time-barred.  (Second Order, 8:20-9:15, Dkt. #27.)

21        On September 27, 2010, Plaintiff filed his Second Amended Complaint ("SAC").  (Dkt.

22   #28.)  In his SAC, Plaintiff alleges that he was denied equal opportunity to work overtime and

23   denied equal opportunity to catering training.  (SAC at 2, Dkt. #28.)  Plaintiff also alleges a number

24   of "Isolated Incidents Regarding Retaliation," (SAC at 6-11, Dkt. #28), which the Court discusses

25   below.

26        On November 4, 2010, Defendant filed the present Motion to Dismiss Plaintiff's Second

27   Amended Complaint ("third motion").  (Dkt. #31.)  On December 30, 2010, Plaintiff filed an

28

4

1   opposition to Defendant's third motion, (Dkt. # 41), and filed an amended opposition on January 10,

2   2011 (Dkt. #42).  Defendant filed a reply on January 11, 2011 (Dkt. #43), and an amended reply on

3   January 14, 2011 (Dkt. #45).

### III.  DISCUSSION

5         In its third motion, Defendant requests that the Court dismiss Plaintiff's retaliation claim

6   without leave to amend, arguing that it is based on time-barred conduct and Plaintiff fails to show he

7   engaged in protected activity, suffered an adverse employment action, and/or that he exhausted his

8   administrative remedies.  (Def.'s Mot. at 2:6-8, Dkt. #31.)  Defendant also requests that the Court

9   dismiss Plaintiff's claim for discrimination based on an alleged failure to train because the Court

10  previously dismissed this claim without leave to amend, and to the extent Plaintiff may be asserting

11  a new basis for this claim, he fails to show he exhausted his administrative remedies.  (Def.'s Mot.

12  2:9-11, Dkt. #31.)  Defendant does not request dismissal of Plaintiff's overtime claim.

13        In response, Plaintiff argues that the SAC states facts sufficient to state a claim for relief on

14  his retaliation cause of action, and he provides factual allegations dating from September 22, 2003

15  through March 18, 2009 that he maintains support his claim.  (Pl.'s Opp'n, Dkt. #41.)

16  **A.**     **Legal Standard**

17        Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may seek

18  dismissal of a complaint for failure to state a claim upon which relief can be granted.  Rule 8, which

19  provides the standard for judging whether such a cognizable claim exists, requires only that a

20  complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

21  relief."  Fed. R. Civ. P. 8(a)(2).  Thus, to survive a motion to dismiss, a complaint need not provide

22  detailed factual allegations.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  However, a

23  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just

24  conceivable.  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content

25  that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

26  alleged."  *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S.

27  at 556).  In reviewing a motion to dismiss, the court may also consider documents attached to the

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

5

UNITED STATES DISTRICT COURT
For the Northern District of California

1  complaint.  *Parks School of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation

2  omitted).

3      *Pro se* pleadings are also subject to Rule 8(a)(2).  *Brazil v. U.S. Dept. of Navy*, 66 F.3d 193,

4  199 (9th Cir. 1995).  However, pleadings of *pro se* litigants are held to even less rigid standards than

5  those drafted by attorneys.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citing *Haines v. Kerner*,

6  404 U.S. 519, 520 (1972)).  "Courts have a duty to construe pro se pleadings liberally, including pro

7  se motions as well as complaints."  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.

8  2003).  While a *pro se* plaintiff's pleadings will be construed with great leeway, "those pleadings

9  nonetheless must meet some minimum threshold in providing a defendant with notice of what it is

10  that it allegedly did wrong."  *Brazil*, 66 F.3d at 199.  "When there are well-pleaded factual

11  allegations, a court should assume their veracity and then determine whether they plausibly give rise

12  to an entitlement to relief."  *Iqbal*, 129 S.Ct. at 1950.

13      If the court dismisses a complaint pursuant to Rule 12(b)(6), it "should grant leave to amend

14  even if no request to amend the pleading was made, unless it determines that the pleading could not

15  possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

16  2000).  In making this determination, the court should consider factors such as "the presence or

17  absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

18  amendments, undue prejudice to the opposing party and futility of the proposed amendment."

19  *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  Leave to amend need not be

20  given if a complaint, as amended, is subject to dismissal.  *Id.*

21  **B.    Application to the Case at Bar**

22      1.    Failure to Train

23      First, Defendant requests that the Court dismiss Plaintiff's claim for failure to train.  The

24  Court previously dismissed this claim without leave to amend.  (Second Order, 8:25-9:2, Dkt. #27.)

25  In its order, the Court also instructed Plaintiff that any second amended complaint could contain his

26  discrimination/overtime and retaliation causes of action, but could not contain any other claims.

27  (Second Order, 10:1-2, Dkt. #27.)  Accordingly, Plaintiff's failure to train claim is, once again,

28

6

1  DISMISSED WITHOUT LEAVE TO AMEND.

2       2.   <u>Retaliation</u>

3       As in its previous two motions, Defendant argues that Plaintiff's Complaint is barred because

4  he failed to file it within the applicable 300-day statute of limitations period under Title VII.

5  Pursuant to 42 U.S.C. § 2000e-5, a person alleging employment discrimination or retaliation must

6  file a claim with the EEOC within 300 days following the occurrence of the allegedly discriminatory

7  or retaliatory act. 42 U.S.C. § 2000e-5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

8  110 (2002). Incidents taking place prior to the beginning of the 300-day period are time-barred.

9  *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Normally, discrete acts falling within the statutory

10  time period do not have the effect of making timely those acts that fall outside the statutory period.

11  *Id.* at 112. However, time-barred activity may properly be considered as background evidence in

12  determining whether there is a present ongoing violation. *Id.* (citing *United Air Lines, Inc. v. Evans*,

13  431 U.S. 553, 558 (1977)).

14       In his opposition, Plaintiff discusses several events which he claims constitute retaliation.

15  First, Plaintiff lists seven purported incidents of retaliation dating from 2003 through October

16  22, 2007; however, he admits that they are time-barred because he states these incidents are included

17  by way of background only. (Opp'n at 4:20-7:27, Dkt. #42.) Accordingly, these need not be

18  considered.

19       Plaintiff also discusses events which fall within the statutory period. On October 26, 2007,

20  Plaintiff's supervisor, George Delfabro, apparently asked him to prepare salads in the lounge.

21  Plaintiff alleges he did not have time to do so, and there was not enough space for salad preparation

22  there. (Opp'n at 7:18-27, Dkt. #42.) Plaintiff contends that this was in retaliation for "reporting

23  George's unlawful conduct[,]" but it is unclear what conduct he reported, to whom he reported it, or

24  whether his supervisor knew he had reported him for unlawful conduct. He states this alleged act of

25  retaliation occurred "four (4) days later[,]" but there is nothing alleged to have occurred four days

26  previously. The preceding sentence simply alleges he started his full-time position on October 22,

27  2007. (Opp'n at 7:16, Dkt. #42.) Regardless, a decision to have salad preparation take place in the

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1   lounge is not an adverse employment action.  It did not result in a pay decrease, change in hours,

2   work location (Plaintiff was already working in the lounge refilling coffee containers and waiting on

3   customers - Opp'n at 9:21-23), work authority, or work responsibility.  *See Burlington Indus., Inc. v.*

4   *Ellerth*, 524 U.S. 742, 761 (1998) (an adverse employment action is "a significant change in

5   employment status, such as hiring, firing, failing to promote, reassignment with significantly

6   different responsibilities, or a decision causing a significant change in benefits"); *Vasquez v. County*

7   *of Los Angeles*, 307 F.3d 884, 891 (9th Cir. 2002).

8         On February 28, 2008, Plaintiff asserts that he called Diana Scott Summers (whose position

9   is not described) to report discrimination by Delfabro as to training and overtime.  (Opp'n at 8:1-3,

10   Dkt. #42.)  Subsequently, Summers allegedly told him she met with Delfabro, who agreed to give

11   Plaintiff more overtime, and Delfabro then assigned Plaintiff to work overtime soon thereafter.

12   (Opp'n at 8:8-15, Dkt. #42.)  Plaintiff alleges that Delfabro subsequently retaliated against him by

13   failing to pay 45 minutes of overtime for work done on May 9, 2008.  (Opp'n at 8:14-19, Dkt. #42.)

14   To the extent this claim relates to Plaintiff's discriminatory denial of overtime charge, it is not

15   relevant to the current motion because the Court is allowing Plaintiff to proceed on this charge.

16   However, for the first time in this lawsuit, Plaintiff adds that Delfabro retaliated against him for

17   complaining to Summers.  He does not allege that he exhausted his administrative remedies as to

18   this new claim.  Further, the document he attaches does not support this charge as it relates only to

19   regular workplace procedures.  The email from Plaintiff dated May 10, 2008 shows that he requested

20   overtime pay and a 5% shift differential for four-and-a-half hours of overtime, and Delfabro's

21   response advised him that he needed to fill out the appropriate form so his overtime could get

22   processed, that the 5% shift differential did not apply, and that he could not retroactively authorize

23   the 45 additional minutes of unauthorized overtime Plaintiff worked.  (Opp'n, Ex. D, Dkt. #42.)

24         In his opposition, Plaintiff also attaches a note to Sandi McCray (whose position is also not

25   described) dated June 26, 2009, in which he states he is attaching his discrimination complaint, but

26   whatever was originally attached to that note is not provided.  (Opp'n at 15, Dkt. #42.)  However,

27   Plaintiff's "Discrimination Complaint and Observations within the Last 12 Months" (Dkt. #17, Ex.

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

8

1    C) bears a handwritten date of June 26, 2008, and that document says nothing about retaliation, let

2    alone the specific charged stated in his opposition.

3         Plaintiff next alleges that in March of 2009, his supervisor tried to set him up for stealing

4    money.  (SAC, 10:18-22, Dkt. #28.)  The Court previously dismissed without leave to amend his

5    claim that he was falsely accused of theft in 2006.  (Second Order, 9:3-6, Dkt. #27.)  This new claim

6    also must fail because it could not have been part of his 2008 EEOC charge.  A plaintiff must

7    exhaust his remedies by filing an administrative complaint in order to secure the right to sue.

8    *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 845 (9th Cir. 2004).  Moreover,

9    Plaintiff contends his supervisor's March 5, 2009 memorandum supports the claim that he was

10   accused of theft, but the memorandum only shows that his supervisor wanted to meet with him to

11   review the results of an event, and that Plaintiff received a letter of reprimand for failing to show up

12   at the scheduled meeting.  (SAC, Ex. C, Dkt. #28.)

13        Finally, the Court notes that the SAC does not show that Plaintiff suffered any adverse

14   employment action as a result of the laundry list of retaliatory acts.  Plaintiff suffered no pay

15   decrease, no change in hours (except for the desired increase in hours and pay when he became full

16   time), work location, authority, or responsibility as a result of any alleged retaliatory act.  As

17   indicated above, in order to state a Title VII claim, an employee must identify a "tangible

18   employment action," which has been described by the Supreme Court as "a significant change in

19   employment status, such as hiring, firing, failing to promote, reassignment with significantly

20   different responsibilities, or a decision causing a significant change in benefits." *Burlington*, 524

21   U.S. at 761.  As Plaintiff fails to identify such a tangible employment action, his claim must fail.

22        Plaintiff has now been given two opportunities to amend his complaint to state a claim for

23   retaliation within the statutory period.  As he has been unable to do so, the Court finds that further

24   leave to amend would be futile.  Accordingly, the retaliation claim is DISMISSED WITHOUT

25   LEAVE TO AMEND.

26                              **IV.    CONCLUSION**

27        Based on the foregoing, the Court GRANTS Defendant's motion to dismiss Plaintiff's SAC

28

UNITED STATES DISTRICT COURT
For the Northern District of California

with respect to Plaintiff's failure to train and retaliation claims.  These claims are DISMISSED WITHOUT LEAVE TO AMEND.  As Plaintiff's overtime claim remains pending, Defendant shall file a responsive pleading by February 8, 2011.  The Court shall conduct a case management conference on March 17, 2011 at 10:00 a.m. in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.  All dates in the October 7, 2009 scheduling order, (Dkt. #2), shall be adjusted accordingly.

**IT IS SO ORDERED.**

Dated: January 18, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California

10

1

2

3

4          UNITED STATES DISTRICT COURT
                        FOR THE
               NORTHERN DISTRICT OF CALIFORNIA

5   ROBERT MOORE,

6                    Plaintiff,                    Case Number: CV09-04781 MEJ

7        v.                                        **CERTIFICATE OF SERVICE**

8   CONTRA COSTA COLLEGE DISTRICT et al,

9                    Defendant.
                                              /

10

11  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

12

13  That on January 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
14  located in the Clerk's office.

15

16

17  Robert  Moore
    626 35th Avenue
18  Richmond,  CA 94805

19

20  Dated: January 18, 2011

21                                        Richard W. Wieking, Clerk
                                          By: Brenda Tolbert, Deputy Clerk

22

23

24

25

26

27

28

                                          11